IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIA T. WATKINS,     *
        Plaintiff
   v.     *     CIVIL ACTION NO. JFM-10-1908

SHEILA DAVENPORT, et al.,     *
        Defendants
                                ***

## MEMORANDUM

Pending is defendants' motion to dismiss and plaintiff's self-represented opposition, motions to proceed with a jury trial, motion for summary judgment and motion for a speedy trial.[1] ECF Nos. 12, 13, 17, 19 & 21. The case is ripe for dispositive review. Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

## Background

Plaintiff, Elia T. Watkins, a court-committed patient currently housed at the Clifton T. Perkins Hospital Center ("Perkins"), a State psychiatric hospital, filed the instant complaint. Plaintiff generally alleges that he has been discriminated against by the hospital administration and his treatment team and that he has been misdiagnosed.

He further alleges that on July 14, 2009, he was transferred from the medium security ward to the maximum security ward. Plaintiff states that he should not have been transferred because the maximum security ward is full of violent individuals and he has been attacked over a dozen times. He specifies three attacks on October 19, 2009, June 3, 2010, and June 19, 2010, and indicates these attacks occurred while he was housed on the maximum security ward. In his opposition, plaintiff

---

[1] Plaintiff's motions to proceed with a jury trial and subpoena witnesses (ECF Nos. 12 and 17) are denied without prejudice. Plaintiff's motion for summary judgment (ECF No. 19) is in reality an opposition to defendants' dispositive motion and has been so considered. Accordingly, the motion shall be denied. Plaintiff's motion for speedy trial (ECF No. 21) shall be denied.

states that the named defendants, members of Perkins' administration, the Forensic Review Board, and his treatment team, should have known it was unsafe to house him in the maximum security ward as each attack was documented in his file to which defendants had access.

He further alleges that he was illegally restrained by defendant Nurse Graceland Eno after the first attack. Plaintiff states that he was calm and yet was subjected to four point bed restraints.

Lastly, plaintiff states that he has been denied release because he is a messenger of God and that it is improper for him to be housed at Perkins.[2] ECF No. 1.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

---

[2] Plaintiff's complaints regarding his release and confinement shall be not be addressed here. The proper means for addressing claims of improper confinement is by way of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241. Plaintiff is free to file a separate petition regarding claims that he has been improperly confined. The

**Eleventh Amendment**

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a) (1995 Repl. Vol.), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, to the extent plaintiff files his complaint against "the Forensic Review Board of Clifton T. Perkins," "Clifton T. Perkins Hospital," and the "One North Treatment Team," agencies of the State of Maryland, the action is barred by the Eleventh Amendment.[3]

**Discrimination**

Plaintiff baldly alleges he is the victim of discrimination. Plaintiff does not specify the basis of this alleged discrimination. To the extent plaintiff claims he has been discriminated on the basis of race, it is clear that he has a constitutional right to be free from such discrimination. *See Lee v. Washington*, 390 U.S. 333 (1968). However, "absent some factual evidence the court will not look behind the determinations of [ ] officials on mere accusations that they are racially motivated." *Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974); *see also Williams*, 926 F.2d at 998 (conclusory allegation of racial discrimination in confiscation of excess property insufficient to state claim because no allegation that prisoners of another race were allowed to retain more property); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) (conclusory allegations of racial discrimination

---

Clerk shall be directed to provide him the appropriate forms for doing so.

[3] The court notes that these "defendants" are not listed on the docket or the caption of plaintiff's complaint, but are listed in the body of the complaint.

insufficient to state claim). A mere conclusory averment, as provided by plaintiff in the instant case, is insufficient to withstand a dispositive motion. *See District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F. 2d 1083, 1085 (4th Cir. 1979).

**Medical Malpractice**

Plaintiff has failed to allege that he has been denied constitutionally adequate psychiatric care. Rather, plaintiff alleges that he has been subjected to malpractice due to his being "misdiagnosed." Stated simply, plaintiff's bald allegation of misdiagnosis amounts at most to a claim of negligence and a disagreement with the judgment of his health care providers. Liability under the due process clause cannot be imposed for mere negligence. *Patten v. Nichols*, 274 F. 3d 829, 843 (4th Cir. 2001). Further, such disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. *See Kulak v. City of New York*, 88 F. 3d 63, 74 (2nd Cir. 1996).

**Due Process**

The court gives liberal construction to plaintiff's allegation of reckless endangerment, finding that plaintiff has stated due process claims under the Fourteenth Amendment alleging failure to provide safe conditions of confinement and freedom from unreasonable bodily restraints. *See Youngberg v. Romeo*, 457 U.S. 307, 315-16 (1982).

Defendants maintain that subjecting plaintiff to four-point restraints was reasonable under the circumstances. Defendants have failed to provide any evidence that use of the restraints was reasonable and used in the least restrictive manner to insure plaintiff's safety. Absent documentary evidence, affidavits or declaration in support of their position, defendants are not entitled to dismissal from this action.

4

Additionally, plaintiff maintains that the named defendants knew, or should have known, that he could not be safely housed in the maximum security wing of Perkins due to the sheer number of assaults to which he was subjected. Plaintiff states that this information was contained in his file which defendants were charged with reviewing periodically. Defendants maintain that they were unaware of the assaults or a risk of harm to plaintiff. Defendants have failed to support their contention with any evidence. Accordingly, the motion to dismiss shall be denied as to plaintiff's claim that he was denied safe conditions of confinement.

**Conclusion**

The motion to dismiss shall be denied as to plaintiff's due process claims arising from the alleged failure to safely confine him and the application of four point restraints by Nurse Graceland Eno. Defendants shall be granted forty days from the date of this opinion to file a dispositive motion. Failure to do so will result in the court entering a scheduling order governing further progress in this case.

A separate Order follows.

Date: __May 27, 2011__ 　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　J. Frederick Motz
　　　　　　　　　　　　　　　　　　United States District Judge